# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| **MICHELLE ECHLIN F/K/A MICHELLE SIMKINS**, <br><br>Plaintiff, <br><br>vs. <br><br>**COLUMBIA COLLECTORS, INC. D/B/A CCI BILLING SYSTEMS,** <br><br>Defendant. | Case No. <br><br> **COMPLAINT AND JURY DEMAND** |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Michelle Echlin ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Clark, and City of Vancouver.

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Columbia Collectors, Inc. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely personal medical bills.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with the collection of an alleged debt in default (the "Debt"), Defendant sent Plaintiff initial written communication dated October 5, 2011, and in such communication, stated in relevant part:

> **CCI BILLING SYSTEMS**
> 1104 Main Street Rm. 311
> Vancouver, WA 98666
> * **A Division of Columbia Collectors** *

\*   \*   \*

You are indebted to the above creditor, and are offered the opportunity to

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

>explain why payment hasn't been made according to the established terms. Mail payment in full in the next 5 days to creditor's office, or contact them directly to arrange for liquidation of this account.
>
>If the amount owing on the debt referred to above is not correct as shown or you do not owe this bill, and if you send us written notice of these facts within 30 days, we will obtain verification of the debt and the amount due from the creditor and mail it to you. Also upon receipt of your written request within 30 days, we will furnish you with the name and address of the original creditor if different from that shown. If you do not advise us in writing within 30 days, we will assume that this debt is valid. You are further advised that we are attempting to collect a debt and that any information obtained will be used for that purpose.

(See October 5, 2011 correspondence, attached hereto as Exhibit A).

12. In its October 5, 2011 initial written communication, Defendant failed to meaningfully convey to Plaintiff the notice required by 15 U.S.C. § 1692g(a)(3) because it would lead the least sophisticated consumer to believe that he or she could only dispute the validity of the debt in writing, when 15 U.S.C. § 1692g(a)(3) contains no such limitations, and allows a consumer to dispute the validity of the debt in any manner within the thirty-day period.

13. Defendant's October 5, 2011 initial communication also fails to convey to the least sophisticated consumer that he or she is entitled to dispute only a portion of the debt.

14. Defendant's October 5, 2011 initial communication is further misleading in that it is subject to more than one reasonable interpretation as to when the 30-day period begins, and the least sophisticated consumer would be misled that such period begins from the date the letter is sent, rather than 30 days from the consumer's receipt of the letter.

15. Furthermore, by demanding payment within 5 days, Defendant's October 5, 2011 initial communication is inconsistent with and overshadows the notices required by 15 U.S.C. § 1692g(a).

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

16. Defendant did not send Plaintiff a separate written notice containing the disclosures required by 15 U.S.C. § 1692g(a) within 5 days after its initial communication to Plaintiff.

17. Upon information and good-faith belief, CCI Billing Systems is a registered trade name of Defendant, and not a separate division or entity. (See Columbia Collectors, Inc. WA License Info, attached hereto as Exhibit B).

18. As such, Defendant falsely represented that CCI Billing Systems is a separate entity from Defendant, when upon information and good-faith belief, CCI Billing Systems is a registered trade name or alias of Defendant.

19. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated October 17, 2011, and in such communication, stated in relevant part:

> **You have failed to respond to our first notice.  Within five days you must make payment in full or contact the creditor's office to make satisfactory payment arrangements.**

(See October 17, 2011 correspondence, attached hereto as Exhibit C) (emphasis in original).

20. In its October 17, 2011 written communication, Defendant demanded payment within the thirty day dispute period, which is inconsistent with and overshadows the disclosures required by 15 U.S.C. § 1692g(a).

21. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated November 1, 2011, and in such communication stated in relevant part:

> If the amount owing on the debt referred is not correct as shown or you do not owe this bill, and if you advise us of these facts after the receipt of notice, we will obtain verification of the debt and the amount due from the creditor and mail it to you.  Also upon your request within 30 days, we will provide you with the name and address of the original creditor if different from that shown.  If you do not advise us within 30 days, we will assume that this debt is valid.

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(See November 1, 2011 correspondence, attached hereto as Exhibit D).

22. In its November 1, 2011 written communication, Defendant stated that the communication was from "COLUMBIA COLLECTORS INC."

23. Defendant's November 1, 2011 written communication falsely represented that Plaintiff's alleged debt had been placed with another company, when in fact, upon information and good-faith belief, the previous communications from "CCI Billing Systems" were also from Defendant.

24. In the event that "Columbia Collectors Inc." is a separate entity from "CCI Billing Systems," the November 1, 2011 written communication fails to meaningfully convey the notices required by 15 U.S.C. § 1692g(a), because it fails to convey that the consumer may dispute a portion of the debt, and it fails to convey the consumer's rights under section 1692g(a)(4) must be exercised in writing, and within 30 days from the consumer's receipt of the notice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(10)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including but not limited to: misrepresenting the identity of the debt collector, that Plaintiff's debt would be or had been transferred or assigned to a different company, and misrepresenting Plaintiff's rights under the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A),

COMPLAINT - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(12)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692e(12) by its false representation or implication that accounts have been turned over to innocent purchasers for value.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(12);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(14)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(14) by its use of any business, company,

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

or organization name other than the true name of the debt collector's business, company, or organization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(14);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey in its initial communication to Plaintiff the disclosures required by that section as discussed above, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be

COMPLAINT - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(b)

33. Plaintiff repeats and re-alleges each and every factual allegation above.

34. Defendant violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with or overshadowed the disclosures required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692j(a)

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Defendant violated 15 U.S.C. § 1692j(a) by designing, compiling, and furnishing a form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor,

COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

when in fact such person is not so participating.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692j(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 2nd day of October 2012 .

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMMPLAINT - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com