Hon. Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **MICHELLE ECHLIN F/K/A MICHELLE SIMKINS**, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **COLUMBIA COLLECTORS, INC. D/B/A CCI BILLING SYSTEMS,** <br><br> Defendant. | Case No. 3:12-cv-05878-RBL <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

**NATURE OF ACTION**

1.      This is a class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff, Michelle Echlin ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Clark, and City of Vancouver.

FIRST AMENDED COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Columbia Collectors, Inc. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant advertises that it is "Washington's first licensed collection agency," and had been collecting debt for over 50 years.  *See* http://www.columbiacollectors.com.

9.      Defendant advertises: "Our company collects 12% over the national collection recovery rate. We have one of the highest recovery rates in our area and that is due to our strong collection staff and our skip tracing abilities."  *See* http://www.columbiacollectors.com.

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely personal medical services rendered (the "Debt").

12.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

FIRST AMENDED COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

13.     In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated October 5, 2011, and in such communication, stated in relevant part:

> You are indebted to the above creditor, and are offered the opportunity to explain why payment hasn't been made according to the established terms. Mail payment in full in the next 5 days to creditor's office, or contact them directly to arrange for liquidation of this account.
>
> If the amount owing on the debt referred to above is not correct as shown or you do not owe this bill, and if you send us written notice of these facts within 30 days, we will obtain verification of the debt and the amount due from the creditor and mail it to you.  Also upon receipt of your written request within 30 days, we will furnish you with the name and address of the original creditor if different from that shown.  If you do not advise us in writing within 30 days, we will assume that this debt is valid.  You are further advised that we are attempting to collect a debt and that any information obtained will be used for that purpose.

(See October 5, 2011 correspondence, Doc. 1-1).

14.     In its October 5, 2011 initial written communication, Defendant failed to meaningfully convey to Plaintiff the notice required by 15 U.S.C. § 1692g(a)(3) because it would lead the least sophisticated consumer to believe that he or she could only dispute the validity of the debt in writing, when 15 U.S.C. § 1692g(a)(3) contains no such limitations, and allows a consumer to dispute the validity of the debt in any manner within the thirty-day period.

15.     Defendant's October 5, 2011 initial communication also fails to convey to the least sophisticated consumer that he or she is entitled to dispute only a portion of the debt.

16.     Defendant's October 5, 2011 initial communication is further misleading in that it is subject to more than one reasonable interpretation as to when the 30-day period begins, and the least sophisticated consumer would be misled that such period begins from the date the letter is sent, rather than 30 days from the consumer's receipt of the letter.

FIRST AMENDED COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

17.     Furthermore, by demanding payment within 5 days, Defendant's October 5, 2011 initial communication is inconsistent with and overshadows the notices required by 15 U.S.C. § 1692g(a).

18.     In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated October 17, 2011, and in such communication, stated in relevant part:

> **You have failed to respond to our first notice.  Within five days you must make payment in full or contact the creditor's office to make satisfactory payment arrangements.**

(See October 17, 2011 correspondence, Doc. 1-3) (emphasis in original).

19.     In its October 17, 2011 written communication, Defendant demanded payment within the thirty day dispute period, which is inconsistent with and overshadows the disclosures required by 15 U.S.C. § 1692g(a).

20.     Upon information and good-faith belief, the written communications described above are based on forms or templates that Defendant regularly sends to alleged consumer-debtors in connection with its regular course of business in collecting consumer debts.

21.     Upon information and good-faith belief, Defendant, as a matter of pattern and practice, sends, or causes to be sent, written communications to alleged consumer-debtors using language substantially similar or materially identical to that utilized by Defendant in its written communications to Plaintiff.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

23.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent four distinct classes of individuals defined as:

FIRST AMENDED COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

All persons located in the United States to whom Defendant sent an initial written communication in connection with the collection of any consumer debt on or after September 2, 2011, where the initial written communication was substantially similar or materially identical to the initial written communication delivered to Plaintiff, in that such communication demanded payment from the consumer in less than thirty days from the date the consumer received the initial written communication.

All persons located in the United States to whom Defendant sent an initial written communication in connection with the collection of any consumer debt on or after September 2, 2011, where the initial written communication was substantially similar or materially identical to the initial written communication delivered to Plaintiff, in that such communication represented that the consumer had to dispute the debt in writing or the debt collector would assume the debt was valid.

All persons located in the United States to whom Defendant sent an initial written communication in connection with the collection of any consumer debt on or after September 2, 2011, where the initial written communication was substantially similar or materially identical to the initial written communication delivered to Plaintiff, in that such communication failed to disclose that the consumer could dispute the debt, *or any portion thereof*, when providing the notices required by 15 U.S.C. § 1692g(a)(3)-(4).

All persons located in the United States to whom Defendant sent a subsequent written communication in connection with the collection of any consumer debt on or after September 2, 2011, where the subsequent written communication was sent within 30 days following the date Defendant sent its initial written communication, and where the subsequent written communication was substantially similar or materially identical to the written communication written communication dated October 17, 2011 delivered to Plaintiff, in that such subsequent written communication demanded payment from the consumer in less than the thirty days from the consumer's receipt of the initial written communication.

24.     The proposed class specifically excludes the United States of America, the states of Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit and the Justices of the

FIRST AMENDED COMPLAINT - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

25.     The class is averred to be so numerous that joinder of members is impracticable.

26.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

27.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

28.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

29.     The claims of Plaintiff are typical of those of the class she seeks to represent.

30.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant.   Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

31.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

32.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

members of the class.

33.     Plaintiff is willing and prepared to serve this Court and proposed class.

34.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

35.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

36.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

37.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

38.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

39.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

questions affecting only individual members.

40.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)

41.     Plaintiff repeats and re-alleges each and every allegation contained above.

42.     Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey in its initial communication the disclosures required by that section as discussed above, or in writing within 5 days thereafter.

43.     Defendant failed to meaningfully convey the notice required by 15 U.S.C. § 1692g(a)(3) in its initial communication because it would lead the least sophisticated consumer to believe that he or she could only dispute the validity of the debt in writing, when 15 U.S.C. § 1692g(a)(3) contains no such limitations, and allows a consumer to dispute the validity of the debt in any manner within the thirty-day period.

44.     Defendant's initial communication also fails to convey to the least sophisticated consumer that he or she is entitled to dispute only a portion of the debt.

45.     Defendant's initial communication is further misleading in that it is subject to more than one reasonable interpretation as to when the 30-day period begins, and the least sophisticated consumer would be misled that such period begins from the date the letter is sent,

FIRST AMENDED COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

rather than 30 days from the consumer's receipt of the letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff;

d) Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000.00 or 1 per centum of the net worth of the debt collector;

e) Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

f) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

46.     Plaintiff repeats and re-alleges each and every factual allegation above.

47.     The FDCPA prohibits a debt collector from conduct or communication, either in the initial communication with the consumer or within thirty days after the consumer's receipt of the same, which overshadow or are inconsistent with the disclosure of the consumer's rights under section 1692g(a). 15 U.S.C. § 1692g(b).

FIRST AMENDED COMPLAINT - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

48.    Defendant violated 15 U.S.C. § 1692g(b) by making statements in its initial written communication that are inconsistent with or overshadowed the disclosures required by 15 U.S.C. § 1692g(a), including by demanding payment within the thirty-day dispute period.

49.    Defendant violated 15 U.S.C. § 1692g(b) by making statements in its subsequent written communication that are inconsistent with or overshadowed the disclosures required by 15 U.S.C. § 1692g(a), including by demanding payment within the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

c)  Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff;

d)  Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000.00 or 1 per centum of the net worth of the debt collector;

e)  Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

f)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

g)  Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**TRIAL BY JURY**

50.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 12th day of December, 2012.

s/Jon N. Robbins
Jon N. Robbins (WSB# 28991)
WEISBERG & MEYERS, LLC

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2012, the foregoing document was filed with the Court as a matter of right under Fed. R. Civ. P. 15(a)(1)(B) using CM/ECF, which will send notification of such filing to:

Mr. Jeffrey I. Hasson
Davenport & Hasson LLP
12707 NE Halsey Street
Portland OR 97230
hasson@dhlaw.biz

s/Jon N. Robbins
Jon N. Robbins

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com