Jeffrey I. Hasson																		The Honorable Ronald B. Leighton
Attorney at Law
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland, OR  97230
Phone: (503) 255-5352
Facsimile No.: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Washington State Bar No. 23741

Attorney for Columbia Collectors, Inc. dba CCI Billing Systems

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| MICHELLE ECHLIN FKA MICHELLE SIMKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLUMBIA COLLECTORS, INC. DBA CCI BILLING SYSTEMS,<br><br>Defendant. | Case No.: 3:12-CV-05878-RBL<br><br>DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(1)<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: January 11, 2013 |

Defendant, Columbia Collectors, Inc. ("CCI") moves this court for an order dismissing the above-entitled action pursuant to *FRCP 12 (b) (1)* because Plaintiff's First Amended Complaint (ECF No. 9) (FAC) is moot.

**I.     STATEMENT OF FACTS**

On October 2, 2012, Plaintiff filed a Complaint alleging violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (FDCPA) (ECF No. 1).  Plaintiff sought: actual damages, statutory damages of $1,000 and reasonable attorneys' fees. (ECF No. 1).

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(1) - 1
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

On November 21, 2012, Defendant Columbia Collectors, Inc. sent Plaintiff an Offer of Judgment ("the Offer") pursuant to *FRCP 68*.  See Certificate of Service with the Offer of Judgment.  The Offer allowed judgment to be entered against Columbia Collectors, Inc. for $1,500, plus costs, disbursements and reasonable attorney fees.

As of December 1, 2012, 10 days after service was provided, Defendant received no written notice that Plaintiff had accepted the Offer.  See Declaration of Jeffrey I. Hasson.  Therefore, pursuant to the terms of *FRCP 68*, the Offer was deemed denied and withdrawn.  The offer of judgment expired while the Action was still alleged as an individual claim.

On December 12, 2012, Plaintiff filed the FAC, alleging the liability to Plaintiff as a class representative for the same individual FDCPA violation.   (ECF No. 9, p. 9-11[1]).

## II.   ARGUMENT AND AUTHORITY

### A.   LEGAL STANDARD TO DISMISS PURSUANT TO *FRCP 12 (b)(1)*

*FRCP 12 (b) (1)* requires that "[w]henever it appears by suggestion of the parties of otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004). Subject matter jurisdiction cannot be waived, and a federal court is under a continuing duty to dismiss an action whenever it appears the court lacks jurisdiction.  *FRCP 12 (h) (3)*; *see also Snell v. Cleveland,* 316 F.3d 822, 826 (9th Cir.2002).

When a defendant moves to dismiss an action for lack of subject matter jurisdiction pursuant to *FRCP 12 (b)(1)*, the plaintiff bears the burden of proof on the necessary jurisdictional facts because the plaintiff is the party invoking the court's jurisdiction.  *Rance v. D.R. Horton, Inc.,* 316 Fed. Appx. 860 (11th Cir. 2008).

Unlike a motion to dismiss brought under *FRCP 12 (b) (6)*, a court is not confined to the

---

[1] Although *FRCP 68* indicates that "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs", a number of courts have explained that a "district court can consider an offer of judgment to determine whether a claim is moot, in order to ascertain whether there is a justiciable case or controversy under Article III of the Constitution." *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 574 (6th Cir. Ohio 2009); *Hoppe v. Euclid Manor Nursing Home* 867 F.2d 291, 295 (6th Cir. 1989); *Greisz v. Household Bank (III.), N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999).

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(1) - 2
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

four corners of the complaint, it may consider other evidence properly before the court, and it need not assume the truthfulness of the complaint. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989). Furthermore, the existence of disputed material facts will not preclude a trial court from evaluating the merits of a challenge to subject matter jurisdiction. *Clausen Law Firm, PLLC v. Nat'l Acad. Of Continuing Legal Educ.,* 2010 WL 4651211 (W.D. Wash. Nov. 2, 2010).

Federal courts lack subject matter jurisdiction to consider moot claims. *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency,* 581 F.3d 1169, 1172-73 (9th Cir. 2009). A case becomes moot when it no longer satisfies the case-or-controversy requirement of U.S. Const. art. III, § 2. *PUC v. FERC,* 100 f.3D 1451, 1458 (9TH Cir. 1996). Specifically, mootness occurs when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The latter situation is commonly referred to as the personal-stake requirement, and it assures that federal courts are presented with disputes they are capable of resolving because they can afford the prevailing party meaningful relief. *Id.*

### B. A REJECTED RULE 68 OFFER THAT WOULD HAVE PROVIDED PLAINTIFF WITH A GREATER REWARD THAN TH EAMOUNT BEING SOUGHT RESULTS IN MOOTING THE ACTION

The "plain purpose of Rule 68 is to encourage settlement and avoid litigation… The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012 (1985). A "Rule 68 offer… provid[ing] Plaintiff with all the relief requested and Plaintiff's failure to accept [such an]… offer establishes that Plaintiff no longer has a cognizable interest in [the]… litigation." *Clausen Law Firm, PLLC, supra.* *3.

Thus, "an offer of judgment providing plaintiff with the maximum allowable relief would moot plaintiff's claim" if Plaintiff rejects it, thus resulting in dismissal pursuant to *FRCP 12 (b) (1). Gator.com v. L.L. Bean, Inc.,* 398 f.3D 1125, 1131-32 (9TH Cir. 2005); *see also Greisz v. Household*

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(1) - 3
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

*Bank (III.) N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after you've won."); *Board of Governors of the Fed. Reserve System v. Shoaib,* 43 F.3d 1478 (9th Cir. 1994) (full offer of settlement renders case moot); *Lomas v. Emergency Med. Billing, L.L.C.*, 2008 WL 4056789 (D. Utah Aug. 25, 2008).

The Court in *Lomas v. Emergency Med. Billing LLC, supra,* determined that a rejected offer of "$5,001.00 plus costs and attorneys' fees" was sufficient to dismiss a plaintiff's complaint for violations of the FDCPA. *Id.*

The Court wrote:

> [d]amages under the FDCPA for a successful plaintiff are limited to actual damages, a maximum of $1,000.00 in statutory damages, and costs and reasonable attorney's fees… Plaintiff has set forth no pleading that establishes any actual damage. Accordingly, Plaintiff's claims are limited to statutory damages, costs, and reasonable attorney's fees. By offering Plaintiff $5,001.00 plus costs and reasonable attorney's fees, the Rule 68 Offer offered Plaintiff far in excess of what she can hope to recover at trial… Plaintiff no longer has a dispute over which to litigate.

*Id.* At *2.

In order to invoke *FRCP 12 (b) (1)* after an offer of judgment has been rejected, the defendant must show that the offer must "provide all the relief a court might reward." *Shoaib, supra. a*t *2. Such offer need not encompass relief to which the plaintiff is not entitled to lawfully receive. *See Martin v. PPI, Inc.*, 2010 WL 2572524 (N.D. III. June 25, 2010). In *Frascogna v. Sec. Check, LLC,* 2009 WL 57102 (S.D. Miss. Jan. 7, 2009), the District Court found a plaintiff has presented "no proof establishing any economic damages." Ultimately, the Court concluded that "that the offer of judgment constituted all the relief Plaintiff could hope to recover for Defendant's alleged FDCPA violations." *Id.*

### C. PLAINTIFF'S COMPLAINT IS MOOT AND SHOULD BE DISMISSED PURSUANT TO *FRCP 12 (b)(1)*

Here, Plaintiff has rejected the Offer, which is far in excess of the total amount she may recover at trial on an individual claim while the claim was an individual claim. The initial

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

complaint was not brought as a class claim. The offer was made while the matter was an individual claim. The offer in the individual claim made the action moot. As a result, plaintiff cannot represent a class since her claim is moot.

Neither plaintiff's initial complaint nor FAC define or establish any actual monetary damages suffered. As such, her monetary recovery is limited to statutory damages of $1,000 per defendant, costs, and reasonable attorneys' fees. Therefore, the most that Plaintiff can recover at trial is $1,000, plus costs and reasonable attorneys' fees.

In the present case, the Offer to Plaintiff was $1,500 plus costs and attorney's fees. These results are significantly greater than any damages allowed under the FDCPA, greater than the $1,000 found in *Lomas* to be sufficient to dismiss a FDCPA action, and most importantly, greater than the amount of money that Plaintiff could hope to recover at trial in the FDCPA claim prayer. Plaintiff's rejection of the Offer should result in dismissal of her lawsuit as moot, pursuant to *FRCP 12 (b) (1)*.

### III.   CONCLUSION

It is well-established that if a plaintiff rejects an offer of judgment that is greater than the total amount recoverable at trial, said plaintiff can no longer establish a legitimate personal stake in the case, and the pending action is to be dismissed as moot.

In this case, plaintiff has not shown the existence of actual monetary damages. Therefore, her recovery is limited, by statute, to an amount of not more than $1,000, plus costs and attorney's fees – which is far below the rejected Offer with a total value of $1,500 plus costs and attorney's fees. She simply could not receive a monetary award greater than the rejected Offer based on her claims.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(1) - 5
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  Thus, Plaintiff's Complaint is rendered moot, and should be dismissed pursuant to *FRCP 12*
2  *(b) (1)* as outside the Court's jurisdiction.
3  Dated December 19, 2012.

4  s/ Jeffrey I. Hasson
   Jeffrey I. Hasson, WSBA No. 23741
5  Davenport & Hasson, LLP
   12707 NE Halsey St.
6  Portland, OR 97230
   Telephone: (503) 255-5352
7  Fax: (503) 255-6124
   E-Mail: hasson@dhlaw.biz

**Attorney for Columbia Collectors, Inc. dba CCI Billing Systems**

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(1) - 6
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1

Certificate of Service

2   I hereby certify that on <u>December 19, 2012</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the

3   following: <u>Jon N. Robbins</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

4

5   <u>s/ Jeffrey I. Hasson</u>
    Jeffrey I. Hasson, WSBA No. 23741
    Attorney for Columbia Collectors, Inc. dba CCI
6   Billing Systems
    Davenport & Hasson, LLP
7   12707 NE Halsey St.
    Portland, OR 97230
8   Phone: (503) 255-5352
    Facsimile: (503) 255-6124
9   E-Mail: hasson@dhlaw.biz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124