Hon. Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **MICHELLE ECHLIN F/K/A MICHELLE SIMKINS**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COLUMBIA COLLECTORS, INC. D/B/A CCI BILLING SYSTEMS,**<br><br>Defendant. | Case No. 3:12-cv-05878-RBL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>January 25, 2012 |

**Introduction and Statement of Issues**

Columbia suggests that this Court should dismiss Ms. Echlin's claims as "moot," contending that its offer of judgment for $1,500 deprived her of a personal stake in this matter. In considering Columbia's request, this Court need address two straightforward issues:

> 1. A Rule 68 offer of judgment is invalid where it requires a plaintiff to accept the offer in less than fourteen days. An invalid offer of judgment cannot moot a plaintiff's claims. Here, Columbia's offer of judgment required Ms. Echlin to accept the offer within ten days; thus, making it invalid. Did Columbia's invalid offer of judgment moot Ms. Echlin's claims?
>
> 2. An offer for less than the total amount that a plaintiff seeks to recover does not deprive the plaintiff of a personal stake in her claims. Ms. Echlin sought to recover statutory and actual damages under the FDCPA, in excess of $1,500. Columbia offered Ms. Echlin only $1,500 to settle her claims. Did Columbia's offer of less than what Ms. Echlin could potentially recover deprive her of a personal stake in this matter?

Plaintiff's Response to Defendant's Motion to Dismiss - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Although of no consequence to this Court's immediate consideration, should Columbia suggest through its reply that it *will* offer Ms. Echlin every dollar that she is entitled to recover on an individual basis, this Court need address one additional straightforward issue:

> Absent a final decision denying a named plaintiff's motion for class certification, a class action does not become moot simply because the defendant tenders to the named plaintiff the maximum amount that she could have recovered individually. Ms. Echlin has not yet filed her motion for class certification, and this Court has therefore not yet ruled on it. If Columbia was to now offer Ms. Echlin complete individual relief, would that offer moot her claims?

**Statement of Relevant Procedure**

On October 2, 2012, Ms. Echlin filed her original complaint against Columbia, alleging violations of the Fair Debt Collection Practices Act. Dkt # 1. On November 21, 2012, Columbia filed its answer to Ms. Echlin's original complaint. Dkt # 8. Also on November 21, 2012, Columbia mailed to Ms. Echlin an offer of judgment. Dkt # 11, Exhibit 1. On December 12, 2012, Ms. Echlin filed, as a matter of right, her amended class action complaint against Columbia, alleging violations of the FDCPA on behalf of herself and others similarly situated. Dkt # 9. On December 19, 2012, Columbia filed its motion to dismiss Ms. Echlin's amended class action complaint for lack of subject matter jurisdiction. Dkt # 10.

**Statement of Relevant Facts**

On the same day that Columbia filed its answer to Ms. Echlin's original complaint, it mailed to her an offer of judgment that reads in pertinent part:

> Columbia Collectors, Inc. dba CCI Billing Systems ("CCI"), defendant in the above entitled Action, on behalf of itself, its employees, by and through Jeffrey I. Hasson, its attorney of record, offers, pursuant to FRCP 68 to allow judgment in favor of plaintiff and against CCI to be entered in the amount of One Thousand Five hundred and 00/100ths Dollars ($1,500.00), plus costs, disbursements and reasonable attorney's fees as determined by the Court. FRCP 68 provides, *inter alia*, that this

Plaintiff's Response to Defendant's Motion to Dismiss - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

>offer is automatically withdrawn if it is not accepted within ten (10) days of service.
>
>This offer does not settle any claims being collected by CCI against plaintiff.

Dkt # 11, Exhibit 1.

## Argument

**A. Columbia's offer of judgment is invalid; therefore, it did not divest this Court of subject matter jurisdiction over Ms. Echlin's claims.**

Rule 68 provides, in part:

>(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, *within 14 days after being served*, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68 (emphasis added).

To be valid, an offer of judgment must allow a plaintiff fourteen days to accept the offer. Rule 68 was amended in 2009 to extend what was formerly a ten-day period to the current fourteen-day period. *Id*. Columbia's offer of judgment required that Ms. Echlin accept the offer in less than the statutorily mandated fourteen-day period. It is therefore invalid. Significant, an invalid offer of judgment cannot moot a plaintiff's claims. Consequently, Columbia's invalid offer of judgment did not moot Ms. Echlin's claims.

**1. An offer of judgment that requires a plaintiff to accept the offer in less than the statutorily mandated time period is invalid.**

An offer purportedly made under Rule 68 does not constitute a valid offer of judgment if it requires that the offeree accept the offer in less than the statutorily permitted time period. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) (finding

Plaintiff's Response to Defendant's Motion to Dismiss - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

that the defendant's offer did not constitute a valid Rule 68 offer of judgment because it "provided for a five day window to accept the Defendants' offer rather than a ten day window as provided by the applicable version of Rule 68"); *Mendoza v. Regis Corp.*, No. SA-01-CA-0937 FB NN, 2006 WL 1881526, at *3 (W.D. Tex. July 6, 2006) (finding that the defendant's offer did not constitute a valid Rule 68 offer of judgment because, among other flaws, it "demanded a response within seven calendar days, rather than the ten days provided by Rule 68 for consideration of a settlement offer"); *see also Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("the plaintiff, as we understand the [Rule 68] scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10-day option).'"); *Polk v. Montgomery County, Md.*, 130 F.R.D. 40, 42 (D. Md. 1990) ("The party being served under the Rule therefore has a full 10 days to decide whether to accept or reject the offer.").[1]

**2. Columbia's offer of judgment required that Ms. Echlin accept the offer in less than the statutorily mandated fourteen-day period; therefore, it is invalid.**

Columbia mailed its offer of judgment to Ms. Echlin on November 21, 2012—years after Rule 68 was amended to extend what was formerly a ten-day period to the current fourteen-day period. Columbia's offer of judgment states: "this offer is automatically withdrawn if it is not accepted within *ten (10)* days of service." Dkt # 11, Exhibit 1 (emphasis added). In fact, Columbia explains through its motion to dismiss:

> As of December 1, 2012, 10 days after service was provided, Defendant received no written notice that Plaintiff had accepted the Offer. *See*

---

[1] Discussed *supra,* Rule 68 was amended in 2009 to extend what was formerly a ten-day period to the current fourteen-day period. Without more, the simple fact that Rule 68 was amended to provide a plaintiff fourteen days to accept an offer evidences the materiality of the fourteen-day window, as well as its importance as a component of a valid offer.

Plaintiff's Response to Defendant's Motion to Dismiss - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Declaration of Jeffrey I. Hasson. Therefore, pursuant to the terms of *FRCP 68*, the Offer was deemed denied and withdrawn.

Dkt # 10 at 2 of 7. As it required that Ms. Echlin accept the offer in less that the statutorily mandated fourteen-day period, Columbia's offer of judgment is invalid.

### 3. An invalid offer of judgment cannot moot a plaintiff's claims.

To moot a plaintiff's claims, an offer of judgment must be valid:

> Defendant cites to numerous cases to support its proposition that "a valid offer of judgment that would satisfy Plaintiff's entire claim for relief . . . leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." Motion [DE 7-2], p. 6. As Defendant states, the offer must be a "*valid* offer of judgment" and the critical issue before this court is the validity of an offer of judgment that is challenged as ambiguous.

*Moore v. Hecker*, 250 F.R.D. 682, 683 (S.D. Fla. 2008); *see also Queen v. Nationwide Credit, Inc.,* No. 10-cv-1445, 2010 WL 4006676, *3-4 (N.D. Ill. Oct. 7, 2010) (denying the defendant's motion to dismiss for lack of subject matter jurisdiction, finding that an invalid offer of judgment could not divest the court of subject matter jurisdiction).

Indeed, the Fourth Circuit recently held that a defendant's failure to present an offer for full relief—Columbia's offer was not for full relief, *see infra*, Section B—in the form of a valid offer of judgment precluded a finding that the offer mooted the plaintiff's claims. *See Simmons v. United Mortg. & Loan Inv.*, LLC, 634 F.3d 754, 766 (4th Cir. 2011) ("In sum, the failure of the Defendants to make their attempted offer for full relief in the form of an offer of judgment prevented the mooting of the Plaintiffs' FLSA claims."); *see also Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166-67 (11th Cir. 2012) (finding that the lack of an offer of judgment precludes a mootness finding).

Plaintiff's Response to Defendant's Motion to Dismiss - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

    **4. Columbia's invalid offer of judgment did not divest this Court of jurisdiction over Ms. Echlin's claims.**

Columbia's offer of judgment is invalid. *See supra*, Section A.1-2. Because Columbia's offer of judgment is invalid, it did not moot Ms. Echlin's claims.

  **B. Columbia's offer of judgment did not deprive Ms. Echlin of a personal stake in this matter.**

Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III, § 2; *Flast v. Cohen,* 392 U.S. 83, 94 (1968). When the issues presented in a case are no longer "live," or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979). Outside the context of a class action, an offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *See* 13A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d § 3533.2, at 236 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

Here, Ms. Echlin is entitled to statutory damages under the FDCPA not to exceed $1,000. She was also potentially entitled to actual damages that she sustained as a result of Columbia's failure to comply with the FDCPA in connection with its attempts to collect a debt from her. Columbia offered Ms. Echlin $1,500 to compensate her for any and all damages that she sought. Ms. Echlin was potentially entitled to an amount far greater than that which Columbia offered. Because Columbia's offer of judgment did not satisfy Ms. Echlin's entire claim for relief, it did not deprive her of a personal stake in this matter, and did not moot her claims.

Plaintiff's Response to Defendant's Motion to Dismiss - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**1. A debt collector who fails to comply with the FDCPA is liable for actual damages sustained as a result of its failure.**

A debt collector who fails to comply with any provision of the FDCPA is liable for actual damages sustained as a result of such a failure. 15 U.S.C. §1692k(a)(1); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011) ("The FDCPA provides for the award of actual damages."). "Actual damages [under the FDCPA] not only include any out of pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress." *Fausto v. Credigy Services Corp.*, 598 F. Supp. 2d 1049, 1054 (N.D. Cal. 2009); Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability) (noting that "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses").

**2. Through her original complaint, Ms. Echlin properly pleaded a request for actual damages.**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading standard Rule 8 announces does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

"Courts have found that in the context of FDCPA claims, a specific allegation regarding actual damages is not necessary to state a claim for such damages." *Ortega v. Collectors Training Inst. of Illinois, Inc.*, No. 09-21744-CIV, 2011 WL 241948, at *4 (S.D. Fla. Jan. 24, 2011) (citing *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002)); *see also Smolinski v. Oppenheimer*, No. 11 C 7005, 2012 WL 2885175,

Plaintiff's Response to Defendant's Motion to Dismiss - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

at *4 (N.D. Ill. July 11, 2012) ("Smolinski is not required to plead his actual damages [under the FDCPA] with specificity."). Noteworthy, in *Ortega*, the court pointed out that even though the plaintiff's complaint "makes no mention of [her] frustration, anger, or emotional distress in any way," she sufficiently stated a claim for actual damages by merely asserting a request for "(a) Damages; (b) Attorney's fees, litigation expenses and costs of suit." *Ortega*, 2011 WL 241948, at *5.

Through her original complaint, Ms. Echlin asserted that Columbia violated the FDCPA in connection with its attempts to collect a debt from her. *See generally*, Dkt # 1. Ms. Echlin also asserted that Columbia was liable to her for actual damages that she sustained as a result of its attempts to collect a debt from her, statutory damages, and attorneys' fees and costs. *Id.*[2] Columbia does not argue that Ms. Echlin failed to provide it with a short and plain statement of the relief that she sought. In fact, through its motion to dismiss, Columbia acknowledges: "On October 2, 2012, Plaintiff filed a Complaint alleging violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (FDCPA) (ECF No. 1). *Plaintiff sought: actual*

---

[2] Noteworthy, the FDCPA does not require a plaintiff to satisfy state law elements of intentional or negligent infliction of emotional distress to recover actual damages. *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 971 (N.D. Ohio 2008); *In re Maxwell,* 281 B.R. 101, 118 (Bankr. D. Mass. 2002) (citing *Teng v. Metro. Retail Recovery Inc.,* 851 F. Supp. 61, 68-69 (E.D.N.Y. 1994)); *McGrady v. Nissan Motor Acceptance Corp.,* 40 F. Supp. 2d 1323, 1338-39 (M.D. Ala. 1998); *Donahue v. NFS, Inc.,* 781 F. Supp. 188, 193-94 (W.D.N.Y. 1991); *In re Hart*, 246 B.R. 709, 732 (Bankr. D. Mass. 2000); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991); *Crossley v. Lieberman,* 90 B.R. 682, 691-92 (E.D. Pa. 1988), *aff'd*, 868 F.2d 566 (3d Cir. 1989). "The analysis of whether damages for emotional distress have been proven under this statute need not rise to the level required to prove the tortious infliction of emotional distress. . . . [V]iolations of the FDCPA, by their very nature, (e.g., abusive, deceptive or unfair debt collection practices), are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance." *In re Littles*, 75 B.R. 240, 242 (Bankr. E.D. Pa. 1987).

Plaintiff's Response to Defendant's Motion to Dismiss - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

*damages*, statutory damages of $1,000 and reasonable attorneys' fees. (ECF No. 1)." Dkt # 10 at 1 of 7 (emphasis added).

### 3. Columbia did not offer Ms. Echlin "the maximum allowable relief."

Columbia offered "to allow judgment in favor of [Ms. Echlin] and against [Columbia] to be entered in the amount of One Thousand Five hundred and 00/100ths Dollars ($1,500.00), plus costs, disbursements and reasonable attorney's fees as determined by the Court." Dkt # 11, Exhibit 1. Because Ms. Echlin is entitled to statutory damages "not exceeding $1,000," *see* 15 U.S.C. §1692k(a)(2)(A), Columbia's offer of judgment is appropriately characterized as an offer to pay Ms. Echlin $500 to compensate her for actual damages that she sustained as result of Columbia's failure to comply with the FDCPA in connection with its attempts to collect a debt from her, $1,000 to compensate her for the statutory damages to which she is entitled under the FDCPA, and an amount to be determined by this Court to compensate her for "costs, disbursements and reasonable attorneys' fees" incurred in this matter. Dkt # 11, Exhibit 1.

Ms. Echlin did not, however, limit her request for actual damages to $500—or to $1,500 for that matter—as she was not required to. Nor did she quantify the amount that she sought for actual damages in response to Columbia's discovery requests, as Columbia has not served any. Accordingly, Columbia has no basis to suggest that it provided Ms. Echlin with "the maximum allowable relief," *see* Dkt # 10 at 3 of 7, or that Ms. Echlin rejected an offer "which is far in excess of the total amount that she may recover at trial." *Id*. at 4 of 7. Of particular note, not even this Court is permitted to make such a determination. Only a jury can decide the amount of actual damages to which Ms. Echlin was entitled. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 373 (4th Cir. 2012), as amended (Feb. 1, 2012) ("The defendants have acknowledged, as they must, that Warren was entitled to have a jury determine her actual, as

Plaintiff's Response to Defendant's Motion to Dismiss - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

opposed to statutory, damages."). Accordingly, Columbia did not, as a matter of law, offer Ms. Echlin an "amount significantly greater than any damages allowed under the FDCPA."

In fact, "the maximum allowable relief" to which Ms. Echlin was potentially entitled far exceeds $500, or even $1,500. *See, e.g., McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957-58 (9th Cir. 2011) (affirming the jury's award of $250,000.00 as compensation for emotional distress resulting from violations of the FDCPA); *Lucinda Yazzie v. Law Offices of Farrell & Seldin, and Target National Bank*, No. 1:10-cv-00292-BB–LFG (D.N.M, August 19, 2011) (awarding $161,000.00 in compensatory damages under the FDCPA); *Bennett v. Am. Med. Response, Inc.*, 226 F. App'x. 725, 728 (9th Cir. 2007) (affirming an award of $100,000 in compensatory damages under the FDCPA, based in part upon "emotional distress"); *Fausto v. Credigy Servs. Corp.*, 5:07-CV-05658-JW (N.D. Cal. Apr. 21, 2009) (awarding $100,000 in compensatory damages for violations of the FDCPA and state debt collection statute); *Myers v. LHR, Inc.*, 543 F. Supp. 2d 1215, 1219 (S.D. Cal. 2008) (awarding $90,000 in compensatory damages under the FDCPA and related state debt collection statute).

**4. Because Ms. Echlin was potentially entitled to recover actual damages in excess of the amount that Columbia offered, Ms. Echlin's claims were not mooted by its offer of judgment.**

The United States Court of Appeals for the Fourth Circuit recently held that an offer of judgment materially identical to Columbia's offer of judgment, under circumstances materially identical to those underlying this matter, did not moot a plaintiff's claims under the FDCPA.

In *Warren*, the plaintiff filed a complaint against the defendants, alleging violations of the FDCPA. 676 F.3d at 369. In her prayer for relief, the plaintiff sought "an award of unspecified actual damages, statutory damages of $1,000, costs, and reasonable attorney's

Plaintiff's Response to Defendant's Motion to Dismiss - 10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

fees." *Id*. The defendant subsequently served the plaintiff with an offer of judgment providing for "judgment to be taken against" the defendants for "(1) Actual damages in the amount of $250.00, or an amount determined by the Court upon Plaintiff's submission of affidavits or other evidence of actual damage; (2) Statutory additional damages in the amount of $1,001.00; (3) Costs of this action accrued to date; and (4) A reasonable attorney's fee to date as determined by the Court." *Id*. The plaintiff refused to accept the defendants' offer of judgment. And the defendants filed a motion to dismiss her complaint for lack of subject matter jurisdiction. *Id*. The Fourth Circuit explained that the district court was wrong to grant the defendants' motion to dismiss:

> Certainly, had Warren made a specific demand in the amended complaint for actual damages and the defendants offered that amount or more, the offer of judgment would have mooted Warren's action. *See O'Brien,* 575 F.3d at 573 (Rule 68 offer of judgment mooted two counts of plaintiff's complaint when defendants offered "the full amount of claimed damages" for those counts). Similarly, had Warren quantified her alleged damages in response to a discovery request and the defendants offered that amount, her case would be moot. *See Rand,* 926 F.2d at 597–98 (holding individual plaintiff's case mooted by defendant's offer for "the full amount by which *answers to interrogatories* assert that [the plaintiff] was injured, plus the costs of the suit" (emphasis added)); *Zimmerman,* 800 F.2d at 388 (same); *see also Abrams,* 719 F.2d at 25–26 (holding Rule 68 offer of judgment mooted case when plaintiffs acknowledged "the amount offered was undoubtedly more than any damages they would individually recover after trial").
>
> But, at this stage of the proceedings, before any evidentiary hearing or judicial fact finding in the district court, we simply cannot hold that Warren could not possibly recover more than $250 if her case proceeded to a jury trial. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 242 F.Supp.2d 273, 277–78 (S.D.N.Y.2002) (explaining that, even though defendants offered plaintiff full statutory damages, attorney's fees, costs, and additional $500 to settle FDCPA claim, the court could not, on the basis of a Rule 12(b)(1) motion, determine the existence or amount of actual damages). Accordingly, the first option offered by defendants—payment of $250 in actual damages—did not moot Warren's case.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

*Id*. at 372.

The only difference between the defendants' offer of judgment in *Warren*, and Columbia's offer of judgment, is that the *Warren* defendants offered $250 to satisfy the plaintiff's un-quantified claim for actual damages, where Columbia offered $500 to satisfy Ms. Echlin's un-quantified claim for actual damages. That distinction is without any legal effect—especially considering that the maximum amount of actual damages to which Ms. Echlin was potentially entitled is exponentially greater than $500. *See supra*, Section B.3. Columbia's offer of judgment did not, therefore, moot Ms. Echlin's claims. *See Warren*, 676 F.3d at 372-73; *see also Smolinski*, 2012 WL 2885175, at *4 ("Because Defendants' offer of judgment did not satisfy Smolinski's entire demand for relief, the court finds that the claim is not moot, and denies Defendants' motion to dismiss for lack of subject-matter jurisdiction."); *Ortega*, 2011 WL 241948, at *5 ("Without reaching a determination of the amount of Plaintiff's recoverable damages and because Plaintiff may pursue a claim for actual damages for emotional distress as set forth *infra* § V.B, Defendant's Rule 68 offer of $1,001.00 offer did not operate to afford Plaintiff the complete relief he seeks."); *Sibersky*, 242 F. Supp. 2d at 278 ("In this case, the offer of judgment fails to meet or exceed the sum that could be awarded to the plaintiffs because the offer did not include a provision for actual damages. The Court cannot decide on this motion that there are no such damages. Therefore, the offer of judgment did not render the plaintiffs' claims moot, the Court retains subject matter jurisdiction over the case and the defendant's motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) is denied.").

**5. The court's opinion in *Lomas v. Emergency Med. Billing, L.L.C.*, is inapposite to the facts underlying this matter.**

Columbia suggests that the court's opinion in *Lomas v. Emergency Med. Billing, L.L.C.*, 2:07-CV-952, 2008 WL 4056789 (D. Utah Aug. 25, 2008) requires that this Court dismiss Ms.

Plaintiff's Response to Defendant's Motion to Dismiss - 12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Echlin's claims as moot. *See* Dkt # 10 at 4 of 7 ("The Court in *Lomas v. Emergency Med. Billing LLC*, *supra*, determined that a rejected offer of "5,001.00 plus costs and attorneys' fees" was sufficient to dismiss a plaintiff's complaint for violations of the FDCPA.").

Columbia, however, overlooks a very significant distinction between the facts underlying the court's opinion in *Lomas*, and the facts underlying this matter. Specifically, the plaintiff in *Lomas* "set forth *no* pleading that established any actual damage." *Lomas*, 2008 WL 4056789, at *2 (emphasis added). Quite contrary, Columbia concedes that "[Ms. Echlin] sought: *actual damages*, statutory damages of $1,000 and reasonable attorneys' fees." Dkt # 10 at 1 of 7 (emphasis added). Because Ms. Echlin asserted a claim for actual damages, the court's opinion in *Lomas*—finding that the defendant's offer of $5,001 satisfied the plaintiff's entire claim for relief, where the plaintiff did not assert a claim for actual damages—is inapposite.

**6. Even if Columbia's offer of judgment provided her with all the monetary relief that she sought—it did not—Rule 68 was not intended to preclude parties from having their day in court where more could be gained from litigating a matter than from accepting a settlement.**

The FDCPA affords aggrieved parties relief that cannot be valued solely in monetary terms. Financial compensation is not the "be all and end all." *Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc.*, 749 F. Supp. 331, 333 (D. Mass. 1990), *rev'd on other grounds,* 940 F.2d 744 (1st Cir. 1991). "'Unlike most private tort litigants, [a plaintiff who brings an action under the FDCPA] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms,' and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir.), *cert. denied,* 515 U.S. 1160 (1995) (citing *City of Riverside v. Rivera,* 477 U.S. 561 (1986)).

"Rule 68 was not intended to preclude parties from having their day in court where more could be gained from litigating a matter than from accepting a settlement." *Chestnut Hill*

Plaintiff's Response to Defendant's Motion to Dismiss - 13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

*Gulf, Inc.*, 749 F. Supp. at 333.[3] "[P]rivate attorneys general should not be deterred from bringing good faith actions to vindicate [their] fundamental rights" by the tender of Rule 68 offers of judgment. *See Dawson v. Pastrick*, 600 F.2d 70, 75 n.14 (7th Cir. 1979); s*ee also Hutchings v. United States Industries, Inc*., 428 F.2d 303, 311 (5th Cir. 1970) ("Once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief.").

**C. That Ms. Echlin does not seek actual damages through her amended class action complaint is irrelevant to this Court's mootness consideration.**

Absent a final decision denying a named plaintiff's motion for class certification, a class action does not become moot simply because the defendant tenders to the named plaintiff the maximum amount that she could have recovered individually. A decision denying a motion for class certification is final only when the time for appeal has run. On December 12, 2012, Ms. Echlin filed her amended class action complaint against Columbia, alleging violations of the FDCPA on behalf of herself and others similarly situated. Ms. Echlin has yet to submit her motion for class certification. The time to appeal this Court's non-existent ruling on Ms. Echlin's unfiled motion for class certification has therefore not yet run. Accordingly, even if Columbia was to now offer Ms. Echlin the maximum statutory relief to which she is individually entitled—$1,000—she would maintain a personal stake in her claims, and this Court would have subject matter jurisdiction over them.

---

[3] The Eleventh Circuit, in evaluating whether a rejected Rule 68 offer of judgment was more favorable than a judgment finally obtained by the plaintiff, recently made clear that non-monetary relief has a certain and measurable value. *See Danow v. Law Office of David E. Borack, P.A.*, 367 Fed.App'x. 22, 23-24 (11th Cir. 2010) (noting that although the defendant offered the exact same monetary amount the plaintiff ultimately recovered, that the district court was required to account for the value of certain non-monetary relief offered).

Plaintiff's Response to Defendant's Motion to Dismiss - 14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**1. Ms. Echlin would maintain a personal stake in this matter sufficient to satisfy Article III even if Columbia now satisfies her individual monetary claims.**

A named plaintiff maintains a personal stake in her claim that she is entitled to represent a class—sufficient to satisfy Article III standing requirements—even where her claim(s) on the merits have been mooted. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 388 (1980) ("An action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied, since the proposed representative of the class retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined."); *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 326 (1980) ("Neither petitioner's tender nor the District Court's entry of judgment in favor of respondents over their objections mooted their private case or controversy, and their individual interest in the litigation—as distinguished from whatever may be their representative responsibilities to the putative class—is sufficient to permit their appeal of the adverse certification ruling.").

A personal stake remains because a named plaintiff who brings a class action presents two separate issues for judicial resolution, one being her claim on the merits and the other being her claim that she is entitled to represent a class. *Geraghty*, 445 U.S. at 402; *Roper*, 445 U.S. at 331. That a named plaintiff's claim on the merits is mooted, due to an occurrence other than judgment on the merits, does not mean that all other issues in the case are mooted. *Geraghty*, 445 U.S. at 402. In particular, the named plaintiff's claim that she is entitled to represent a class remains. *Id*. The named plaintiff's personal stake in obtaining class certification satisfies Article III standing requirements. *Id*. at 403; *Roper*, 445 U.S. at 326-27. Therefore, the question whether class certification is appropriate remains as a concrete, sharply presented issue, even where the named plaintiff's claim on the merits has expired, and her

Plaintiff's Response to Defendant's Motion to Dismiss - 15

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

motion for class certification has been denied but the time to appeal has not yet run. *Geraghty*, 445 U.S. at 404; *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("Accordingly, we hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action."); *Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262, 1274 (W.D. Wash. 2010) ("Although the defendant is correct that 'the plain purpose of Rule 68 is to encourage settlement and avoid litigation,' defendant has failed to identify any language in the Rules, or the Advisory Committee Notes, encouraging parties to use Rule 68 as a means of obtaining *involuntary* settlement, let alone circumventing the class action mechanism of Rule 23.").

### 2. Absent a final decision denying Ms. Echlin's motion for class certification, this Court cannot dismiss her claims as moot, even if Columbia was to now offer Ms. Echlin complete individual relief.

"[A] decision that is 'final' for purposes of appeal does not absolutely resolve a case or controversy until the time for appeal has run." *Roper*, 445 U.S. at 333. As Ms. Echlin has not yet filed her motion for class certification, no final decision on that motion yet exists. Therefore, even if Colombia, at some point in the future, completely satisfies Ms. Echlin's individual claims for monetary relief, she would retain a personal stake in this matter sufficient to confer upon this Court subject matter jurisdiction over her claims.

### Conclusion

Columbia "moves this court for an order dismissing the above-entitled action pursuant to *FRCP 12 (b) (1)* because Plaintiff's First Amended Complaint (ECF No. 9) (FAC) is moot." Dkt # 10 at 1 of 7. Columbia suggests that Ms. Echlin's claims are moot because it presented

Plaintiff's Response to Defendant's Motion to Dismiss - 16

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

her with a purported Rule 68 offer of judgment in the amount of $1,500. Columbia did not, however, "moot" Ms. Echlin's claims by way of its offer.

First, Columbia's offer of judgment is invalid, on its face. Accordingly, even it if did provide Ms. Echlin the maximum relief to which she was entitled—it did not—it cannot serve to moot her claims. Second, contrary to Columbia's contention, Ms. Echlin pleaded claims for statutory *and* actual damages under the FDCPA. She was, therefore, potentially entitled to much more than $1,500. Consequently, Columbia's offer for less the total amount to which she was potentially entitled did not deprive her of a personal stake in this matter, and did not moot her claims.

Respectfully submitted this 21st day of January, 2013.

s/Aaron D. Radbil
Aaron D. Radbil (*pro hac vice*)
WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85050
888-595-9111 ext 122
866-565-1327 facsimile
aradbil@attorneysforconsumers.com
Attorneys For Plaintiff

Jon N. Robbins (WSB# 28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorneys for Plaintiff

Plaintiff's Response to Defendant's Motion to Dismiss - 17

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

# CERTIFICATE OF SERVICE

I certify that on January 21, 2013, the foregoing document was filed with the court using CM/ECF, which will send notification of such filing to:

Jeffrey I. Hasson
Davenport & Hasson LLP
12707 NE Halsey Street
Portland OR 97230
hasson@dhlaw.biz

           <u>s/Jon N. Robbins</u>
           Jon N. Robbins

Plaintiff's Response to Defendant's Motion to Dismiss - 18  WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com