Jeffrey I. Hasson
Attorney at Law
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland, OR  97230
Phone: (503) 255-5352
Facsimile No.: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Washington State Bar No. 23741

Attorney for Columbia Collectors, Inc. dba CCI Billing Systems

The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| MICHELLE ECHLIN FKA MICHELLE SIMKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLUMBIA COLLECTORS, INC. DBA CCI BILLING SYSTEMS,<br><br>Defendant. | Case No.: 3:12-CV-05878-RBL<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

Defendant, Columbia Collectors, Inc. ("CCI") replies to Plaintiff's Response to Defendant's Motion to Dismiss [ECF No. 19] and requests that the Court dismiss the Action in that the Action is moot.

**I.     REPLY ON STATEMENT OF FACTS**

Plaintiff fails to respond to CCI's statement of facts such that CCI's facts should be taken as true.

On November 28, 2012, at the parties Rule 26 conference, Jon Robbins, attorney for

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 1
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  Plaintiff, informed Defendant's attorney that Plaintiff's attorneys' office is not accepting the offers
2  of judgment since Plaintiff's attorneys have not been successful in their attorney fee petitions.
3  [Declaration of Jeffrey I. Hasson dated January 24, 2012].
4       As pointed out by Plaintiff, the Offer of Judgment did not expire until December 8, 2012
5  rather than December 1, 2012 by operation of law. [ECF No. 11]. Defendant's counsel was
6  mistaken about the expiration of the offer. However, the offer still expired without being accepted
7  by December 8, 2012.
8       The Class Allegations were not made until December 12, 2012. [ECF No. 9].
9       On December 26, 2012, Plaintiff served her initial disclosures stating:

> **iii.** *A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*
>
> "On behalf of herself and all others similarly situated, Plaintiff seeks the maximum amount of statutory damages recoverable pursuant to 15 U.S.C. § 1692k(a)(2)(B), which provides that any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person equal to the sum of (i) all amounts recoverable by each named plaintiff, which amounts to $1,000.00 (ii) an amount for all other class members not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector, and (iii) the costs of the action, together with a reasonable attorneys' fee as determined by the court." [Declaration of Jeffrey I. Hasson dated January 24, 2012].

     The initial disclosures confirm that Plaintiff is seeking nothing other than statutory damages, and is not seeking actual damages.

## II.    REPLY TO ARGUMENT THAT OFFER INVALID

     The offer did not expire in ten days. The offer expired pursuant to *FRCP 68*.

     The offer was the following:

> Columbia Collectors, Inc. dba CCI Billing Systems ("CCI"), defendant in the above entitled Action, on behalf of itself, and its employees, by and through Jeffrey I. Hasson, its attorney of record, offers, ***pursuant to FRCP 68*** to allow Judgment in favor of plaintiff against CCI to be entered in the amount of One Thousand Five hundred and 00/100ths Dollars ($1,500.00), plus costs, disbursements and reasonable attorney's fees as determined by the Court. ***[For Emphasis.]*** [ECF No. 11].

     The time limitation under *FRCP 68* is 14 days. Since the offer was pursuant to *FRCP 68*,

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS - 2
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

the limitations under *FRCP 68* applied.  The offer did not contain a time limitation on the offer.

The document also contained an incorrect statement of the law:

> FRCP 68 provides, *inter alia*, that this offer is automatically withdrawn if it is not accepted within ten (10) days of service.

This was not a limitation on the offer.  The statement was made to Plaintiff's counsel who certainly did not rely upon it as the offer was rejected by Jon Robbins only seven days after the offer was made[1].

Weisberg & Meyers, LLC, Plaintiff's attorneys, knew that an FRCP 68 Offer does not expire for 14 days in that they were involved with a number of cases since 2010 where they accepted an offer of judgment within the 14 days[2].  On several, occasions, the offer was accepted on or after 14 days[3].  One case even related to the 14 day issue[4].

The cases cited by Plaintiff in its response are inapplicable and distinguishable.

In *Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754 (4th Cir. 2011),* the Court considered the following language that was in a letter:  "This offer remains open for five days after receipt on May 23, 2008."  In *Mendoza v. Regis Corp., 2006 U.S. Dist. LEXIS 48893 (W.D. Tex. July 6, 2006)*, the Court considered the following language that was in a March 29, 2005 letter: "This offer will expire if not accepted by your clients by 5:00 PM on April 5, 2005."The Courts found that the letters were not an *FRCP 68* offer.

---

[1] Communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act.  *Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 936 (9th Cit. 2007)*; See accord *Medialdea v. Law Office of Evan L. Loeffler PLLC, 2009 US Dist. LEXIS 93054 (W.D.Wash. 2009).*

[2] See *Bosket v. NCO Fin. Sys., 2012 U.S. Dist. LEXIS 132239 (N.D.N.Y. Sept. 17 2012); Whitt v. Receivables Performance Mgmt., LLC, 2012 U.S. Dist. LEXIS 143120 (D.N.J. July 18, 2012); Conklin v. Pressler & Pressler LLP, 2012 U.S. Dist. LEXIX 21609 (D.N.J. Feb. 21, 2012; Freid v. Nat'l Action Fin. Servs., 2011 U.S. Dist. LEXIS 149668 (D.N.J. Dec. 29, 2011); Williams v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 50635 (E.D. Pa May 10, 2011); Childers v. Receivables Performance Mgmt., LLC, 2012 U.S. Dist. LEXIS 25856 (W.D.N.C. Feb. 29, 2012); Whatley v. Creditwatch Servs., 2012 U.S. Dist. LEXIS E.D. Tex. May 10, 2012); Brookter v. GC Servs. Ltd. P'ship, 2011 U.S. Dist. LEXIS 44909 (S.D. Tex. Apr. 26, 2011); Moncada v. Scott, 2010 U.S. Dist. LEXIS 33942 (S.D. Tex. Apr. 6, 2010); Pearson v. Nat'l Credi Sys., 2010 U.S. Dist. LEXIS 135927 (D. Ariz. Dec. 10, 2010); Aiello v. Windham Professionals, Inc., 2010 U.S. Dist. LEXIS 131241 (D. Ariz. Nov. 23, 2010); Walker v. A&S Collection Ass'ns, 2010 U.S. Dist. LEXIS 17564 (D. Or. Feb. 24, 2010); Scott v. Leading Edge Recovery Solutions, LLC, 2012 U.S. Dist. LEXIS 66177 (M.D. Ga. May 11, 2012).*

[3] See *Bosket v. NCO Fin. Sys., supra; Freid v. Nat'l Action Fin. Servs., supra; Brookter v. GC Servs. Ltd. P'ship, supra.*

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 3
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   The language in *Simmons v. United Mortg. & Loan Inv., LLC, supra,* and *Mendoza v. Regis
2   Corp., supra,* are not contained Defendant's Offer of Judgment in this case as there is no time
3   limitation in this case.

4   Further, where *Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d at 764* found that the
5   letter in that case "did not offer for judgment to be entered against Defendants, but rather only
6   offered for the parties to enter into a settlement agreement", the *FRCP 68* offer of judgment in this
7   case clearly offered for judgment to be entered.

8   *Webb v. James, 147 F.3d 617 ((7th Cir. 1998)* dealt with the issue on whether an offer of
9   judgment could be rescinded. The Court did not allow rescission. The validity of the offer in that
10  case was not challenged, and it is inapplicable in this case.

11  *Polk v. Montgomery County, Md., 130 F.R.D. 40 (D. Md. 1990)* dealt with the issue of
12  whether an offer of judgment was served more than ten days prior to trial. The language in the offer
13  was not the issue.

14  Defendant's offer of judgment was valid. It contained no time limitation. It did contain an
15  incorrect statement of the law that Plaintiff's attorney knew was incorrect when Plaintiff received it.
16  The offer was rejected in seven days. There is no support for Plaintiff's argument that the language
17  in this case makes the offer invalid.

18                      **III.     REPLY TO MOOT ARGUMENT**

19  The allegations in this case involve whether the language in letters received by Plaintiff
20  violate the FDCPA. [ECF No. 1 and ECF No. 9]. The probability of actual damages based on
21  letters is not high.

22  Although Plaintiff's Individual Complaint seeks actual damages, Plaintiff's initial
23  disclosures confirmed that Plaintiff was only seeking statutory damages.

24  There is no dispute that neither plaintiff's initial complaint nor the First Amended
25  Complaint define or establish any actual monetary damages suffered. As such, her monetary
26  recovery is limited to statutory damages of $1,000 per defendant, costs, and reasonable attorneys'

---

[4] *Moncada v. Scott, supra.*

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS - 4
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  fees. Therefore, the most that Plaintiff can recover at trial is $1,000, plus costs and reasonable

2  attorneys' fees. See *Lomas v. Emergency Med. Billing, L.L.C.,* 2008 WL 4056789 (D. Utah Aug.

3  25, 2008); *Frascogna v. Sec. Check, LLC,* 2009 WL 57102 (S.D. Miss. Jan. 7, 2009) argued in

4  Plaintiff's Motion to Dismiss.

5  *Murray v. Fidelity National Financial Inc., 594 F.3d 419, 421 (5th Cir. 2010)*, the Court

6  stated:

> As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified. *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030 (5th Cir. 1981). In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a "case or controversy" within the meaning of Article III of the Constitution.

11  The cases cited by Plaintiff in her Response do not involve facts where Plaintiff has

12  confirmed through initial disclosures that she is only seeking statutory damages.

13  The offer of more than statutory damages plus costs and attorney fees mooted the case.

14  Plaintiff can no longer establish a legitimate personal stake in the case, and the pending action

15  should be dismissed.

### IV. CONCLUSION

17  Plaintiff's Complaint is rendered moot, and should be dismissed pursuant to *FRCP 12 (b)*

18  *(1)* as outside the Court's jurisdiction.

19  Dated January 24, 2013.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA No. 23741
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone: (503) 255-5352
Fax: (503) 255-6124
E-Mail: hasson@dhlaw.biz

***Attorney for Columbia Collectors, Inc. dba CCI Billing Systems***

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS - 5
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

| | |
|---|---|
| 1 | Certificate of Service |
| 2 | I hereby certify that on <u>January 24, 2013</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: <u>Jon N. Robbins</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: |

<pre>
                                    s/ Jeffrey I. Hasson            
                                    Jeffrey I. Hasson, WSBA No. 23741
                                    Attorney for Columbia Collectors, Inc. dba CCI
                                    Billing Systems
                                    Davenport & Hasson, LLP
                                    12707 NE Halsey St.
                                    Portland, OR 97230
                                    Phone: (503) 255-5352
                                    Facsimile: (503) 255-6124
                                    E-Mail: hasson@dhlaw.biz
</pre>

CERTIFICATE OF SERVICE - 1
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124