HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE ECHLIN,

        Plaintiff,

   v.

COLUMBIA COLLECTORS, INC.,

        Defendant.

CASE NO. C12-5878 RBL

ORDER GRANTING MOTION TO DISMISS

[Dkt. # 10]

THIS MATTER is before the court on Defendant's Motion to Dismiss under Rule 12(b)(1). [Dkt. # 10]. Columbia argues that the case is moot because it made an Offer of Judgment that was greater than the maximum amount Plaintiff Echlin could possibly recover at trial.

The case arises from a debt Eichlin incurred for personal medical services. She did not pay, and Columbia Collectors began trying to collect the debt for the creditor. In October, 2012, she sued, asserting claims under the Fair Debt Collection Procedures Act. She claimed[1] that

---

[1] Plaintiff claims that Columbia's initial communication did not "meaningfully convey" the statutory requirements, could lead the least sophisticated consumer to believe she could only dispute the debt in writing, failed convey that she could dispute a portion of the debt only, was ambiguous as to time, and that one part of the notice "overshadowed" the more generous time

various notices Columbia sent to her were defective under the FDCPA, 15 U.S.C. § 1692 *et seq.*, and thus actionable under that statute. Echlin sought statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1000. She also sought—but did not allege that she had suffered—actual damages. She also sought reasonable attorneys' fees and costs under the FDCPA.

A month later, Columbia sent Echlin an Offer of Judgment under Red. R. Civ. P. 68, offering Plaintiff $1500 and reasonable fees and costs:

> Columbia Collectors, Inc. dba CCI Billing Systems ("CCI"), defendant in the above entitled Action, on behalf of itself, and its employees, by and through Jeffrey I. Hasson, its attorney of record, offers, pursuant to FRCP 68 to allow Judgment in favor of plaintiff against CCI to be entered in the amount of One Thousand Five hundred and 00/100ths Dollars ($1,500.00), plus costs, disbursements and reasonable attorney's fees as determined by the Court. FRCP 68 provides, *inter alia*, that this offer is automatically withdrawn if it is not accepted within ten (10) days of service.

[Hasson Decl., Dkt. # 11 at Ex.1, November 21, 2012].

Columbia filed its Answer the same day. [Dkt. # 8] On December 12, 2012, Echlin filed[2] an Amended Complaint. The Amended version's substantive allegations are unchanged, but it also asserts a class action, with Plaintiff Echlin as the class representative. [Dkt. # 9]

Defendant filed this Rule 12(b)(1) Motion a week later. It argues that the Amended Complaint is moot, because the (rejected) Offer of Judgment would have provided Plaintiff with a greater award than the amount being sought in her complaint.

---

requirements of the FDCPA." [Dkt. # 1 at 3]. The merit of these claims is not at issue in this Motion.

[2] Plaintiff did not obtain leave of Court to file this pleading, approximately 70 days after the initial Complaint, and after the Defendant filed its Answer. Nevertheless, the amendment standard is a liberal one, and the parties appear to agree that the Amended Complaint is the currently operative Complaint. *See* Fed. R. Civ. P. 15.

ORDER ON MOTION TO DISMISS - 2

Plaintiff's primary Response is purely technical: She argues that the Offer erroneously claimed that Rule 68 imposed a ten day time frame for acceptance, while the Rule actually permits 14 days. She argues that because the Rule 68 offer was not valid, it cannot operate to moot her claims. She also claims that she has alleged that she suffered actual damages, and that her total recovery (as determined by a jury) might therefore be greater than the $1000 statutory maximum.

Columbia concedes that its letter incorrectly paraphrased Rule 68's time frame, but emphasize that the Offer of Judgment was made under Rule 68— including that Rule's deadline for accepting or rejecting the claim—and that the letter did not purport to and could not change the deadline. It also points out that Plaintiff's Counsel rejected the Offer only seven days after it was made. [Hassson Decl., Dkt # 21]

Columbia also points out that Plaintiff Echlin's initial disclosures confirm that she is not seeking actual damages; she is seeking only "the maximum allowable statutory damages, fees and costs." [Dkt. # 21 at Ex. 1]

**A. The Offer was Valid.**

Courts actively support Rule 68 because it encourages settlement and avoids litigation and its associated costs. Its very purpose is to encourage the termination of litigation. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

Under the terms of the Rule, the Plaintiff had 14 days to accept an Offer of Judgment. If the offer was not accepted in that time, the Rule deems it rejected and withdrawn. The fact that the Defendant's attorney mistakenly claimed that the Rule required acceptance in 10 days does

not alter[3] the requirements of the Rule, and does not make the Offer invalid.  This is especially so when Plaintiff's counsel clearly knew what the Rule required, and rejected the Offer in seven days in any event.

A valid Offer of Judgment was made, and the Plaintiff rejected it through her counsel and by failing to accept it within 14 days as required by Rule 68.

**B.  Plaintiff's Rejection of the Offer Moots Her Current Complaint.**

Under Fed. R. Civ. P. 12(b)(1), the court "shall dismiss" a case when it appears that it does not have subject matter jurisdiction.  Federal Courts do not have subject matter jurisdiction over moot claims.

Columbia claims that Plaintiff's Amended Complaint is moot because the Offer she rejected would have provided her more than she can now recover.  It relies on *Gator.com v. L.L. Bean, Inc.*, 398 F.3d 1125, 1131 (9th Cir. 2005) (offer of judgment providing plaintiff with the maximum allowable relief would moot plaintiff's claim if rejected; subjecting it to dismissal under Rule 12(b)(1)); *Clausen Law Firm, PLLC v. Nat'l Acad. Of Continuing Legal Educ.*, 2010 WL 4651211 (W.D. Wash) (Plaintiff's failure to accept Rule 68 offer providing Plaintiff with all the relief requested establishes that Plaintiff no longer has a cognizable interest in the litigation); and *Greisz v. Household Bank (Ill.) N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)( "you can't persist suing after you've won.").

Echlin opposes this argument by emphasizing that her initial and her amended Complaints both seek actual damages (and that the FDCPA permits recovery of such damages).  But neither Complaint alleges that Echlin *did* in fact suffer any actual damages, and the Initial

---

[3] If Plaintiff had instead accepted the offer on day 12, and the Defendant was arguing that the acceptance was too late, the result would be the same:  the Offer was made under Rule 68, and is governed by that Rule, not by counsel's erroneous recitation of the time frame.

Disclosures she served on Columbia confirm that she is not in fact seeking actual monetary damages.

Indeed, it is unlikely that plaintiff could pursue a class action where the class members she sought to represent claimed they had each suffered actual damages; determining those damages would require testimony and other evidence for each individual class member. The common questions would not in that event predominate over the individualized inquiries, and a class action would not be a more efficient method of adjudicating the claims. Fed. R. Civ. P. 23.

Instead, plaintiff seeks to recover for herself and for those similarly situated statutory damages in the amount of $1000, plus reasonable costs and attorneys' fees. The Offer of Judgment she rejected would have netted her more than the amount she currently seeks, and her claim is therefore moot. Mootness deprives this Court of subject matter jurisdiction over the case. Columbia's Rule 12(b)(1) Motion is GRANTED and this matter is DISMISSED. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this 7th day of March, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE