Hon. Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| **MICHELLE ECHLIN F/K/A MICHELLE SIMKINS**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COLUMBIA COLLECTORS, INC. D/B/A CCI BILLING SYSTEMS,**<br><br>Defendant. | Case No. 3:12-cv-05878-RBL<br><br>**PLAINTIFF'S MOTION TO CLARIFY AND RECONSIDER THIS COURT'S MARCH 7, 2013 ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>April 12, 2013 |

## Introduction

Ms. Echlin requests that this Court clarify whether it relied upon any of the factual statements referenced *infra*, *see* Statement of Relevant Facts, in ruling on Columbia's motion to dismiss her amended class action complaint.

Ms. Echlin also requests that this Court reconsider its March 7, 2013 order, and vacate its March 11, 2013 judgment, to the extent that it: (1) conditioned its decision to dismiss Ms. Echlin's amended class action complaint upon its statement that Ms. Echlin improperly filed her amended class action complaint without leave of this Court; (2) relied on the second declaration of Mr. Hasson in ruling on Columbia's motion to dismiss Ms. Echlin's amended class action complaint; (3) conditioned its decision to dismiss Ms. Echlin's amended class

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 1          WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

action complaint upon its statement that Ms. Echlin sought actual damages through her amended class action complaint; or (4) conditioned its decision to dismiss Ms. Echlin's amended class action complaint upon a belief that she disclaimed her request for actual damages included in her original complaint.

**Statement of Relevant Procedure**

On October 2, 2012, Ms. Echlin filed her original complaint against Columbia, alleging violations of the Fair Debt Collection Practices Act. Dkt # 1. On November 21, 2012, Columbia filed its answer to Ms. Echlin's original complaint. Dkt # 8. Also on November 21, 2012, Columbia mailed to Ms. Echlin an offer of judgment. Dkt # 11, Exhibit 1.[1]

On December 12, 2012, Ms. Echlin filed, as a matter of course, her amended class action complaint against Columbia, alleging violations of the FDCPA on behalf of herself and others similarly situated. Dkt # 9. On December 26, 2012, Ms. Echlin, on behalf of herself and all others similarly situated, served Columbia with an initial Rule 26 disclosure statement. Dkt. 21, Exhibit A.

On December 19, 2012, Columbia filed its motion to dismiss Ms. Echlin's amended class action complaint for lack of subject matter jurisdiction. Dkt # 10. Columbia attached to its motion to dismiss a declaration of Jeffrey I. Hasson. Dkt. # 11. On January 11, 2013, Ms. Echlin filed her response to Columbia's motion to dismiss. Dkt. # 19. On January 24, 2013,

---

[1] Rule 68 states that offers of judgment should be filed only if accepted. Fed. R. Civ. P. 68(a); *see also Webb v. James*, 172 F.R.D. 311 (N. D. Ill. 1997) ("In addition to serving Plaintiff's counsel with the Offer of Judgment, Defendants' counsel also filed the offer with the Clerk of the Court. Motion to Vacate Judgment, Exh. A. This clearly was improper." *Webb v. James*, 172 F.R.D. 311, 312, n.1 (N.D. Ill. 1997) *aff'd*, 147 F.3d 617 (7th Cir. 1998) (citing 12 Wright & Miller, Federal Practice and Procedure: Civil § 3002 (1973); *Kason v. Amphenol Corp.,* 132 F.R.D. 197 (N.D.Ill.1990)).

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Columbia filed its reply in support of its motion to dismiss. Dkt. # 20. Columbia attached to its reply in support of its motion to dismiss a second declaration of Mr. Hasson. Dkt. # 21.

On March 7, 2013, this Court entered an order granting Columbia's motion to dismiss. Dkt # 24. On March 11, 2013, this Court entered a final judgment. Dkt # 25.

**Statement of Relevant Facts**

Through its March 7, 2013 order, this Court stated that Ms. Echlin filed her amended class action complaint without leave of this Court. Dkt # 24, p.2, n.2 ("Plaintiff did not obtain leave of Court to file this pleading, approximately 70 days after the initial Complaint, and after the Defendant filed its Answer."). Ms. Echlin filed her amended class action complaint twenty-one days after Columbia served its first responsive pleading—its answer, *see* Dkt. # 8—and "as a matter of course" under Rule 15(a)(1)(B).

This Court also stated that Ms. Echlin rejected Columbia's Rule 68 offer of judgment within seven days after receiving it. *Id.*, p.4, lines 1-3 ("This is especially so when Plaintiff's counsel clearly knew what the Rule required, and rejected the Offer in seven days in any event."). In support of its statement, this Court referenced the second declaration of Mr. Hasson, which Columbia attached to its reply in support of its motion to dismiss. *Id.*, p.3, lines 10-11 ("It also points out that Plaintiff's counsel rejected the Offer only seven days after it was made. [Hasson Decl. Dkt # 21]."). Ms. Echlin did not reject Columbia's Rule 68 offer of judgment within seven days after receiving it. *See* Declaration of Jon Robbins, attached as Exhibit A.

This Court additionally stated that Ms. Echlin sought to recover actual damages through both her original complaint, as well as her amended class action complaint. Dkt. # 24, p.4, lines 19-20. ("Echlin opposes this argument by emphasizing that her initial and her amended

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 3        WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Complaints both seek actual damages (and that the FDCPA permits recovery of such damages.)"). Ms. Echlin sought to recover actual damages through her original complaint, *see* Dkt, #1, but did not seek to recover actual damages through her amended class action complaint. *See* Dkt. # 9.

And, this Court stated that Ms. Echlin served Columbia with initial disclosures confirming that she did not seek actual damages. *Id*., p.4, line 21 to p. 5, lines 1-2 (". . . and the Initial Disclosures she served on Columbia confirm that she is not in fact seeking actual monetary damages."). This Court did not limit or qualify its statement regarding Ms. Echlin's initial disclosures in any way. *See id*. Ms. Echlin did not serve Columbia with a Rule 26 initial disclosure statement before she filed her amended class action complaint. She served her Rule 26 initial disclosure statement, on behalf of herself and others similarly situated, *after* she filed her amended class action complaint; the disclosures were not due before that time.

### Motion to Clarify this Court's March 7, 2013 Order

Ms. Echlin requests that this Court clarify whether it relied upon any of the factual statements referenced *supra*, *see* Statement of Relevant Facts, in ruling on Columbia's motion to dismiss her amended class action complaint.

### Motion to Reconsider this Court's March 7, 2013 Order

**A. Ms. Echlin need not have obtained leave of this Court to file her amended class action complaint.**

This Court stated that Ms. Echlin filed her amended class action complaint without leave of this Court. *See supra*, Statement of Relevant Facts. Ms. Echlin filed her amended class action complaint twenty-one days after Columbia served its first responsive pleading. *See id*. The Federal Rules of Civil Procedure did not require Ms. Echlin to obtain leave of this Court to file her amended class action complaint. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 4        WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

its pleading once as a matter of course within . . . . 21 days after service of a responsive pleading . . . ."); *see also* Fed. R. Civ. P. 15 advisory committee's note ("the right to amend once as a matter of course is no longer terminated by service of a responsive pleading"); *see, e.g., Canada v. Meracord, LLC*, No. C12-5657 BHS, 2012 WL 5504868, at *1 (W.D. Wash. Nov. 13, 2012) ("Plaintiffs may file an amended pleading once as a matter of course 21 days after a responsive pleading. Fed. R. Civ. P. 15(a) (1)(B)."). To the extent that this Court conditioned its decision to dismiss Ms. Echlin's amended class action complaint upon its statement that Ms. Echlin improperly filed her amended class action complaint without leave of this Court, she requests that this Court reconsider its March 7, 2013 order and vacate its March 11, 2013 judgment.

**B. This Court improperly considered materials outside the pleadings in ruling on Columbia's motion to dismiss.**

This Court stated that Ms. Echlin rejected Columbia's Rule 68 offer of judgment within seven days after receiving it. *See supra*, Statement of Relevant Facts. In support of its statement, this Court referenced the second declaration of Mr. Hasson, which Columbia attached to its reply in support of its motion to dismiss. *See id*.

"It is not acceptable legal practice to present new evidence or new argument in a reply brief . . . ." *Roth v. BASF Corp.*, No. C07-106MJP, 2008 WL 2148803, at *3 (W.D. Wash. May 21, 2008); *see also Williams-Windom v. Potter*, 312 F. App'x 64, 66 (9th Cir. 2009) ("Issues raised for the first time in the reply brief are waived.") (quoting *Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996)); *accord Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("We agree with the Seventh Circuit, which held that '[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'") (citing *Black v. TIC Inv. Corp.,* 900 F.2d

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

112, 116 (7th Cir.1990)); *Point Ruston, LLC v. Pac. Nw. Reg'l Council of United Bhd. of Carpenters & Joinersof Am.*, No. C09-5232BHS, 2010 WL 785899, at *2 (W.D. Wash. Mar. 4, 2010) ("When the moving party on summary judgment raises new evidence in a reply as a basis for granting summary judgment, the district court should give the nonmoving party an opportunity to respond."). Despite that Columbia attached the second declaration of Mr. Hasson to its reply in support of its motion to dismiss, this Court did not afford Ms. Echlin an opportunity to submit argument regarding its impropriety, or to contest the statements that it includes.

To the extent that this Court relied on the second declaration of Mr. Hasson in ruling on Columbia's motion to dismiss—stated otherwise, to the extent that this Court permitted the second declaration of Mr. Hasson, or the statements made within it, to bear on the issues raised by Columbia's motion to dismiss—Ms. Echlin requests that this Court reconsider its March 7, 2013 order, and vacate its March 11, 2013 judgment.

**C. Ms. Echlin did not seek actual damages through her amended class action complaint.**

This Court stated that Ms. Echlin sought to recover actual damages through both her original complaint, as well as her amended class action complaint. *See supra*, Statement of Relevant Facts. Ms. Echlin sought to recover actual damages through her original complaint, but did not seek to recover actual damages through her amended class action complaint. *See supra*, Statement of Relevant Facts. To the extent that this Court conditioned its decision to dismiss Ms. Echlin's amended class action complaint upon its statement that Ms. Echlin sought actual damages through her amended class action complaint, she requests that this Court reconsider its March 7, 2013 order and vacate its March 11, 2013 judgment.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**D. Ms. Echlin did not disclaim her request for actual damages included in her original complaint by way of her Rule 26 initial disclosure statement.**

This Court stated that Ms. Echlin served Columbia with initial disclosures confirming that she did not seek actual damages. *See supra*, Statement of Relevant Facts. This Court did not limit or qualify its statement regarding Ms. Echlin's initial disclosures in any way. *See id*. Significant, Ms. Echlin did not serve Columbia with a Rule 26 initial disclosure statement before she filed her amended class action complaint—as she filed her amended class action complaint before she was required to serve Columbia with a Rule 26 initial disclosure statement. To the extent that this Court conditioned its decision to dismiss Ms. Echlin's amended class action complaint upon a belief that she disclaimed her request for actual damages included in her original complaint—she did not—by way of her Rule 26 initial disclosure statement that she served *after* she filed her amended class action complaint, Ms. Echlin requests that that this Court reconsider its March 7, 2013 order and vacate its March 11, 2013 judgment.

**Conclusion**

Ms. Echlin requests that this Court clarify whether it relied upon any of the factual statements referenced *supra*, *see* Statement of Relevant Facts, in ruling on Columbia's motion to dismiss her amended class action complaint.

Ms. Echlin also requests that this Court reconsider its March 7, 2013 order and vacate its March 11, 2013 judgment to the extent that it conditioned its decision to dismiss Ms. Echlin's amended class action complaint on any of the following: (1) its statement that Ms. Echlin improperly filed her amended class action complaint without leave of this Court; (2) its reliance on the second declaration of Mr. Hasson; (3) its statement that Ms. Echlin sought actual damages through her amended class action complaint; or (4) a belief that Ms. Echlin

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

disclaimed her request for actual damages included in her original complaint because she did not assert actual damages in her Rule 26 initial disclosure statement.

Respectfully submitted this 15th day of March, 2013.

s/Aaron D. Radbil
Aaron D. Radbil (*pro hac vice*)
WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85050
888-595-9111 ext 122
866-565-1327 facsimile
aradbil@attorneysforconsumers.com
Attorneys For Plaintiff

Jon N. Robbins (WSB# 28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 15, 2013, the foregoing document was filed with the court using CM/ECF, which will send notification of such filing to:

Jeffrey I. Hasson
Davenport & Hasson LLP
12707 NE Halsey Street
Portland OR 97230
hasson@dhlaw.biz

s/Jon N. Robbins
Jon N. Robbins

Plaintiff's Motion to Clarify and Reconsider this Court's March 7, 2013 Order - 8   WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com