HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE ECHLIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COLUMBIA COLLECTORS INC,<br><br>　　　　　　Defendant. | CASE NO. C12-5878 RBL<br><br>ORDER REQUESTING RESPONSE TO MOTION FOR RECONSIDERATION<br><br>[DKT # 26] |

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration [Dkt. # 26] of the Court's Order [Dkt. # 24] Granting Defendant's Motion to Dismiss [Dkt. # 10]. The parties' primary dispute in the prior Motion was over the effectiveness of a Rule 68 offer of judgment that erroneously recited that the Rule required a response in ten (rather than 14) days. The Court's prior Order resolved that issue in Defendant's favor.

Plaintiff's current Motion raises a a variety of other issues. The Court is convinced of the following propositions:

- Plaintiff's claim of actual damages in her initial complaint was sufficient, and the Offer of Judgment for $1500 plus fees and costs was not necessarily "more than the Plaintiff

could recover" at trial, absent her subsequent amendment. Plaintiff's rejection of that Offer therefore did not make the claim in her initial complaint moot.

- A defendant cannot make a representative Plaintiff's class claim moot by making a Rule 68 Offer of the statutory maximum—even where she seeks only statutory damages.

This case falls in the center: the Defendant's Offer was made and effectively rejected[1] *prior* to the time Plaintiff amended her complaint to delete the reference to actual damages (and to assert a class action for statutory damages). If her amended complaint had deleted the request for actual damages—without asserting a class action—it seems clear that her claim would be moot.

And if the Offer of Judgment had been made after Plaintiff had asserted a class action (even without seeking actual damages), it is clear that Plaintiff's rejection of the Offer would not make her class claim moot. But the issue presented by the unusual chronology of this case has not been specifically addressed in the cases cited.

Under Local Rule CR 7(h), no motion for reconsideration will be granted unless an opposing party has been afforded the opportunity to file a response. The Defendant is therefore requested to respond to the Plaintiff's Motion for Reconsideration on this issue. The other issues (validity of offer, timeliness of amendment, oral rejection of offer, absence of actual damage claim in amended complaint, and the like) need not be addressed. The Response should be filed

>>

>

---

[1] The Offer was rejected by the operation of Rule 68, when it was not accepted within 14 days. Whether or not the attorneys' communications amount to an express or implicit rejection of the Offer is not material.

1 | by March 28, and should not exceed 7 pages.  A short Reply (four pages) may be filed by April
2 | 1.

3 |     IT IS SO ORDERED.

4 |     Dated this 21st day of March, 2013.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE