1   Jeffrey I. Hasson                                    The Honorable Ronald B. Leighton
    Attorney at Law
2   Davenport & Hasson, LLP
    12707 NE. Halsey Street
3   Portland, OR  97230
    Phone: (503) 255-5352
4   Facsimile No.: (503) 255-6124
    E-Mail: hasson@dhlaw.biz
5   Washington State Bar No. 23741

6          Attorney for Columbia Collectors, Inc. dba CCI Billing Systems

7

8

9

10                        UNITED STATES DISTRICT COURT

11              WESTERN DISTRICT OF WASHINGTON AT TACOMA

12  MICHELLE ECHLIN FKA MICHELLE          Case No.: 3:12-CV-05878-RBL
    SIMKINS, on behalf of herself and all others
13  similarly situated,                    DEFENDANT'S REPLY TO PLAINTIFF'S
                                           RESPONSE TO DEFENDANT'S MOTION
14                          Plaintiffs,    TO DISMISS

15  vs.

16  COLUMBIA COLLECTORS, INC. DBA CCI
    BILLING SYSTEMS,
17
                            Defendant.
18

19          Defendant, Columbia Collectors, Inc. ("Columbia") replies to Plaintiff's Motion for

20  Reconsideration of the Court's Order Granting Defendant's Motion to Dismiss [ECF No. 26] and

21  requests that the Court deny Plaintiff's Motion for Reconsideration for the reasons and upon the

22  grounds Plaintiff failed to prove any factor for reconsideration of an Order under Rules of this

23  Court; Plaintiff failed to sustain Plaintiff's burden of proof of subject matter jurisdiction; and

24  because the Offer of Judgment afforded Plaintiff complete relief.

25          I.        STANDARD ON MOTION FOR RECONSIDERATION

26          Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE          **DAVENPORT & HASSON, LLP**
TO DEFENDANT'S MOTION TO DISMISS - 1                    Attorneys at Law
Case No. 3:12-CV-05878-RBL                            12707 NE. Halsey Street
                                                       Portland, OR  97230
                                                     Telephone No. (503) 255-5352
                                                     Facsimile No. (503) 255-6124

the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *LR 7(h)(1).*

As stated in *Ayala v. KC Environmental Health, 426 F.Supp.2d 1070, 1098, 2006 U.S. Dist. LEXIS 31664 (E.D.Cal. 2006)*

> …Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236, 114 S. Ct. 2742, 129 L. Ed. 2d 861 (1994).* A motion for reconsideration of a summary judgment ruling is restricted:

>> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

> *Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985)* (quoting *Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-666 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)* (emphasis in original)); *see Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), cert. denied, 529 U.S. 1129, 120 S. Ct. 2005, 146 L. Ed. 2d 955 (2000).* Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990).*

Plaintiff has failed to show new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. To the contrary, Plaintiff does not rely on any new facts or legal authority except a declaration refuting the declaration submitted by Columbia. The facts in the declaration could have been brought to the Court's attention by filing a motion to file a surreply.

Plaintiff has failed to show that the Court committed manifest error in its ruling.

The arguments in Plaintiff's Motion relate to collateral issues regarding the facts. The Court did not error in dismissing Plaintiff's Complaint, and Plaintiff has failed to show manifest error on the part of the Court.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS - 2
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

## II.     BURDEN OF PROOF

Plaintiff has the burden of proving by a preponderance of the evidence that the trial court has subject matter jurisdiction in a *Rule 12 (b)(1)* Motion when there is a factual attack upon the Courts subject matter jurisdiction.  *Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).*  See *The Clausen Law Firm, PLLC v. National Academy of Continuing Legal Education, 827 F.Supp.2d 1262, 1266 (W.D.Wash. November 2, 2010); Provenzano v. United States, 123 F.Supp. 2d 554, 556-557 (S.D.Cal. August 30, 2000).*

Plaintiff has not sustained her burden of proof.

## III.     REPLY TO HYBRID ISSUE

This case involves a question of whether letter content is confusing to the least sophisticated debtor, or has overshadowing language.  It does not matter whether the debtor was confused.  The issue is whether a least sophisticated debtor was confused.  Actual damages for emotional distress are unlikely to be proven based on confusion of the third party (least sophisticated debtor).

Based on the Court's Findings in its Order to Show Cause, the issue in this case is whether the Offer of Judgment made Plaintiff's claims moot.  The answer is Plaintiff's Claims are moot.

### a.  Complete Relief under *FRCP 68.*

The Offer of Judgment by Columbia provided for complete relief to Plaintiff as to her individual complaint because Plaintiff failed to come forward with any factual support for actual damages as required when there is a factual attack on subject matter jurisdiction.  *Paterson v. Weinberger, supra.*  With all due respect for the Court's statement on the Order Requesting Response to Motion for Reconsideration [ECF No. 28] at page 1, line 21 through page 2, line 2, the Court did not commit manifest error when it allowed Columbia's Motion to Dismiss since Plaintiff presented no evidence of damages such that the Offer of Judgment was more than Plaintiff could recover at trial.  See *Paterson v. Weinberger, supra.*[i]

Just two days ago, the honorable Terry R. Means, US District Court Judge out of the Northern District of Texas Forth Worth Division agreed with this Court's original finding that a

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 3
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    pleading from an attorney at Weisberg & Meyers did not sufficiently plead actual damages[ii].

2        Only one case could be found with similar facts to this case—*Frascogna v. Security Check,*

3    *LLC, 2009 US Dist. LEXIS 4044 (S.D. Miss. January 7, 2009).*  In that case, Plaintiff filed an

4    Individual Complaint for violation of the FDCPA.  The Defendant answered and served an Offer of

5    Judgment.  The Offer of Judgment was rejected by a failure to respond.  Thereafter, Defendant filed

6    a Motion to Dismiss based on mootness, and Plaintiff responded with a motion for leave to amend

7    to file an amended complaint asserting a class action, and a motion to certify the class.  The Court

8    allowed the Motion to file the amended complaint with class allegations.  Defendant filed a renewed

9    Motion to Dismiss based on mootness.

10       The *Frascogna* Court found Plaintiff failed to sustain Plaintiff's burden of proof of actual

11   damage because Plaintiff is required to submit facts to meet the challenge of a factual attack on

12   subject matter jurisdiction.  Plaintiff cannot merely reference the allegations in Plaintiff's

13   Complaint.  The averments in Plaintiff's Complaint are not presumed to be true in a factual attack

14   on subject matter jurisdiction.  As a result, despite conclusions in Plaintiff's Individual Complaint of

15   actual damages, the offer of judgment provided full relief.  *Frascogna v. Security Check, LLC,*

16   *supra,* citing *Paterson v. Weinberger, supra.*

17       Similarly, Plaintiff has failed to submit any facts to sustain the burden of proof of actual

18   damages.  As a result, Columbia's Offer of Judgment provided complete relief under *FRCP 68.*

19       The general rule is that when a named plaintiff's individual claims become moot prior to

20   class certification, the action becomes moot and must be dismissed because the unnamed class

21   members are not technically part of the action and therefore no plaintiff can asset a cognizable

22   claims against defendant.  *The Clausen Law Firm, PLLC v. National Academy of Continuing Legal*

23   *Education, 827 F.Supp.2d at 1268* citing various cases.  The exceptions for policy reasons were

24   based on cases that were originally filed as a class action.  *The Clausen Law Firm, PLLC v.*

25   *National Academy of Continuing Legal Education, supra.*

26       In this case, where the offer was made prior to the filing of the class complaint, and the offer

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS - 4
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

expired prior to the filing of the class complaint, and where Plaintiff has failed to come forward with evidence of actual damages, and where the initial disclosures confirm that only statutory damages are being sought, the policy reasons for an exception to the general rule do not apply since the original complaint had the purpose of enforcing an individual claim.

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

**b.  The Initial Disclosures Relate Back to Plaintiff's Complaint.**

*Reed v. Global Acceptance Credit Company, 2008 US Dist. LEXIS 61738 (N.D.Cal. August 12, 2008)* states "Article III of the United States Constitution clearly limits federal courts to the adjudication of actual, ongoing controversies between litigants and Plaintiffs without a cognizable interest in the litigation must have their claims dismissed." *Ruiz v. City of Santa Maria, 160 F.3d 543, 548 (9th Cir. 1998); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 520 (9th Cir. 1998).*

A case is moot where there remains no effective relief for the court to provide.  *Marschall v. Recovery Solution Specialists, Inc., 399 Fed. Appx. 186, 188 (9th Cir. 2010).*

*FRCP 26(a)(1)(A)(iii)* requires a party to provide the other party "a computation of each category of damages claimed by the disclosing party …"  This statement is made AFTER the filing of a Complaint.  As a result, it is the most recent allegation of damages.

A party has a duty to supplement or correct its disclosures if the disclosure has not otherwise been made known to the other party.  *FRCP 26 (e).*

The Supreme Court has held

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion.  In such cases, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.  *Sosna v. Iowa, 419 US 393, 402 n. 11, 42 L.Ed.2d 532, 95 S.Ct. 553 (1973).*

*Murray v. Fidelity National Financial Inc., 594 F.3d 419, 421 (5th Cir. 2010),* the Court stated:

> As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified.  *Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030 (5th Cir. 1981).*  In such a case

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS - 5
Case No. 3:12-CV-05878-RBL

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    there is no plaintiff (either named or unnamed) who can assert a justiciable claim
2    against any defendant and consequently there is no longer a "case or controversy"
     within the meaning of Article III of the Constitution.

3        The allegation of damages in the Complaint and Amended Complaint are irrelevant to the

4    amount sought by the Plaintiff.  The amount set forth in the Initial Disclosures is the amount of

5    actual damages at issue.

6        As a result, under the facts of this case, the lack of actual damages relate back to the

7    Complaint as a matter of law such that the Offer of Judgment afforded complete relief to Plaintiff,

8    and there is no ongoing controversy between the litigants.

9                          **IV.        CONCLUSION**

10       Plaintiff's Motion for Reconsideration should be denied because Plaintiff failed to prove any

11   factor for reconsideration of an Order; Plaintiff failed to sustain Plaintiff's burden of proof of

12   subject matter jurisdiction; and because the Offer of Judgment afforded Plaintiff complete relief.

13       Dated March 28, 2013.

14                                    s/ Jeffrey I. Hasson
                                      Jeffrey I. Hasson, WSBA No. 23741
15                                    Davenport & Hasson, LLP
                                      12707 NE Halsey St.
16                                    Portland, OR 97230
                                      Telephone:  (503) 255-5352
17                                    Fax:  (503) 255-6124
                                      E-Mail:  hasson@dhlaw.biz
18

19                                    ***Attorney for Columbia***

20   ---
     [i] With all due respect for the Court's statement on the Order Requesting Response to Motion for Reconsideration
     [ECF No. 28] at page 2, line 3-4, the Court did not commit manifest error when it allowed Columbia's Motion to
21   Dismiss since there are occasions when Courts have dismissed class claims as moot.  See *The Clausen Law Firm,
     PLLC v. National Academy of Continuing Legal Education, supra.*  Facts of our case where the offer was made and
     expired before the class complaint was filed is not discussed in that case.
22   [ii] *Nicole Payne v. Progressive Financial Services, Inc., USDC Northern District of Texas Forth Worth Division Case
     No. 4:12-CV-432-Y (March 26, 2013 ECF No. 40).*  A copy of this unpublished decision is being sent by mail to the
23   Judge and opposing counsel.

24

25

26

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE          **DAVENPORT & HASSON, LLP**
TO DEFENDANT'S MOTION TO DISMISS - 6                        Attorneys at Law
Case No. 3:12-CV-05878-RBL                                12707 NE. Halsey Street
                                                          Portland, OR  97230
                                                     Telephone No. (503) 255-5352
                                                     Facsimile No. (503) 255-6124

1

Certificate of Service

2

     I hereby certify that on March 28, 2013, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF System which will send notification of such filing to the following: Jon N. Robbins, Aaron D. Radbil and Matthew J. Cunanan and I hereby certify that I

4

have mailed by United States Postal Service the document to the following non-CM/ECF participants:

5

                                        s/ Jeffrey I. Hasson

6

                                        Jeffrey I. Hasson, WSBA No. 23741
Attorney for Columbia

7

                                        Davenport & Hasson, LLP
12707 NE Halsey St.

8

                                        Portland, OR 97230
Phone: (503) 255-5352

9

                                        Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
Case No. 3:12-CV-05878-RBL

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124