HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE ECHLIN,

    Plaintiff,

v.

COLUMBIA COLLECTORS INC,

    Defendant.

CASE NO. C12-5878 RBL

ORDER DENYING MOTION FOR RECONSIDERATION

[DKT. # 26]

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration [Dkt. # 26] of the Court's Order [Dkt. # 24] Granting Defendant's Motion to Dismiss [Dkt. # 10]. The Court has reviewed the parties' helpful submittals and the authorities cited. The remaining issue is: Did Plaintiff's rejection of the Offer of Judgment prior to the time she sought to assert class claims make her claims moot at the time she attempted to assert them?

Plaintiff argues that her original complaint was instantly superseded when she filed her amended complaint, and that "at all times, she asserted either a claim for actual damages, or a claim on behalf of a class."

In its Response, Defendant makes two primary arguments, both persuasive. First, it emphasizes that it is making a factual challenge to the Court's subject matter jurisdiction, and points

out that Plaintiff has not made any factual showing of any actual damage. Instead, her Initial Disclosures confirm that she seeks no actual damages.

Defendant's second argument is that, generally, if a class representative's claims become moot prior to class certification, then the action must be dismissed. Unnamed class members are not part of the case until the class is certified. *Frascongna v. Security Check, LLC*, 2009 Lexis 4044, cited by Defendant, contains a thorough discussion of the reasoning behind these rules.

*Frascongna* outlines the effects of a rejected Rule 68 Offer of Judgment at various stages of a proposed class action. For example, although it is not uniformly applied, the better rule is that Defendant cannot "pick off" class representatives by making an offer of judgment after a class is asserted, but before it is certified: "the class certification 'relates back' to the filing of the class complaint." *See Weiss v. Regal Collections*, 385 F.3d 337 at 348, and other cases discussed in *Frascogna* at Note 4. *See also Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.3d 1030, 1045 (5th Cir. 1981) ("When, as here, the plaintiffs have filed a timely motion for class certification and have diligently pursued it, the defendants should not be allowed to prevent consideration of that motion by tendering to the named plaintiffs their personal claims before the district court reasonably can be expected to rule on the issue.")

But there are no cases holding that a Plaintiff is entitled to similar leeway when the Offer of Judgment is made and rejected *prior* to the time the Plaintiff seeks to assert class claims. In *Frascogna,* the rejected Offer of Judgment predated the class compliant, but the Plaintiff nevertheless argued that his claims were not moot. The Court rejected this argument, and dismissed the Plaintiff's claims as moot: "The problem is that Plaintiff brought this suit in his individual capacity, so there was no representative to "pick off" when the offer was made."

>>

>

1   This reasoning is sound and this Court will follow it.  Plaintiff's claims are moot and the
2   Motion for Reconsideration is DENIED.  The case is dismissed.
3   IT IS SO ORDERED.
4   Dated this 9th day of April, 2013.

    RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE